ASHLEY M. MCDOW (245114)
FAHIM FARIVAR (252153)
**FOLEY & LARDNER LLP**
Attorneys at Law
555 S. Flower Street, Suite 3300
Los Angeles, Ca 90071
Telephone: 213.972.4615
Facsimile: 213.486.0065
E-mail: amcdow@foley.com
ffarivar@foley.com

Attorneys for Debtor,

SOUTHERN INYO HEALTHCARE DISTRICT

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### FRESNO DIVISION

| | |
|---|---|
| IN RE:<br><br>SOUTHERN INYO HEALTHCARE DISTRICT,<br><br>DEBTOR. | CASE NO. 1:16-BK-10015-FEC<br><br>CHAPTER 9<br><br>ADV. PROC. NO.: 2018-01043<br><br>Honorable Fredrick E. Clement |
| SOUTHERN INYO HEALTHCARE DISTRICT,<br><br>PLAINTIFF,<br><br>V.<br><br>HEALTHCARE RESOURCE GROUP, INC.,<br><br>DEFENDANT. | Doc. No.: FL-3<br><br>**NOTICE OF WITHDRAWAL OF COMPLAINT AND REQUEST FOR DISMISSAL OF ADVERSARY PROCEEDING**<br><br>[No Hearing Required] |

4834-2205-8605.2

TO THE HONORABLE FREDRICK E. CLEMENT, UNITED STATES BANKRUPTCY JUDGE AND ALL OTHER INTERESTED PARTIES:

PLEASE TAKE NOTICE that Southern Inyo Healthcare District ("SIHD") and Healthcare Resource Group, Inc., the plaintiff and the defendant (collectively, the "Parties") in the above-captioned adversary proceeding (the "Adversary"), respectively, have reached a settlement resolving the issues underlying the Adversary (the "Settlement"). A true and correct copy of the settlement agreement executed by the Parties and memorializing the Settlement is attached hereto as **Exhibit A** and incorporated herein by reference. Accordingly, SIHD hereby withdraws the complaint in the Adversary, and respectfully requests the dismissal of the Adversary with prejudice.

Date: December 19, 2018

FOLEY & LARDNER LLP

/s/ *Ashley M. McDow*

Ashley M. McDow
Fahim Farivar

**Attorneys for Plaintiff Southern Inyo Healthcare District**

4834-2205-8605.2

2

# EXHIBIT A

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "**Agreement**") is entered into as of  12/2/2018  (the "**Effective Date**"), by and between SOUTHERN INYO HEALTHCARE DISTRICT (the "**Plaintiff**" and/or the "**Debtor**," as applicable) and HEALTHCARE RESOURCE GROUP, INC. (the "**Defendant**"). The Plaintiff and Defendant are hereinafter referred to collectively as the "**Parties**."

## RECITALS

**WHEREAS**, on January 4, 2016 (the "**Petition Date**"), the Debtor initiated a bankruptcy case by filing a voluntary petition for relief under chapter 9 of the bankruptcy code (the "**Bankruptcy Code**"), which case is currently pending in the U.S. Bankruptcy Court for the Eastern District of California, San Fresno Division (the "**Court**"), and bears case no. 1:16-BK-10015-FEC (the "**Bankruptcy Case**"). The Plaintiff commenced the Bankruptcy Case to readjust its debts.

**WHEREAS**, on July 12, 2016, the Court entered an order for relief (the "**Relief Date**").

**WHEREAS**, on or about July 12, 2018, the Debtor initiated an adversary proceeding against the Defendant by filing a complaint for (1) avoidance and recovery of preferential transfers, (2) preservation of avoided transfers, and (3) disallowance of any claims held by defendants (the "**Complaint**") in the Bankruptcy Court, case no. 2018-01043 (the "**Adversary**").

**WHEREAS**, by and through the Complaint, the Plaintiff sought to avoid and recover from the Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property that occurred during the ninety (90) day period prior to the Petition Date pursuant to sections 547 and 550 of the Bankruptcy Code, which are made applicable to this proceeding by and through section 901 of the Bankruptcy Code (the "**Alleged Preferential Transfers**").

**WHEREAS**, by and through the Complaint, Plaintiff also sought to disallow, pursuant to section 502 of the Bankruptcy Code, any claim that the Defendant has filed or asserted against the Plaintiff or that has been scheduled for the Defendant.

**WHEREAS**, the Defendant has asserted certain defenses to the allegations asserted by the Plaintiff in the Complaint.

**NOW THEREFORE**, in consideration of the foregoing, and for other good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, hereby agree as follows:

1

# AGREEMENT

1.      Recitals. The Parties agree that the above recitals are true and correct and are incorporated herein, as if fully set forth herein.

2.      Jurisdiction & Venue. The Court has jurisdiction over the Adversary pursuant to 28 U.S.C. §§ 151, 157 and 1334, and the Adversary is a core proceeding as defined by 28 U.S.C. § 157. Venue properly lies in the Eastern District of California pursuant to 28 U.S.C. § 1409 as this Adversary arises out of and relates to the Bankruptcy Case.

3.      Payment of Settlement Funds.

   a.   On or before fifteen (15) days after the Effective Date, the Defendant shall pay the Plaintiff the amount of Five Thousand and Six Hundred and Twenty Five Dollars and Zero Cents ($5,625.00) in full and final satisfaction of any and all causes of action identified in the Complaint (the "**Settlement Payment**").

   b.   The Settlement Payment shall be made by check, payable to Southern Inyo Healthcare District, and sent to Foley & Lardner LLP, Attn: Ashley McDow, 555 S. Flower Street, Suite 3300, Los Angeles, CA 90071.

4.      Plaintiff's Release of Defendant.

   a.   Upon the Effective Date, the Plaintiff does hereby release, waive and discharge Defendant, its assigns, affiliates, partners, predecessors, officers, directors, successors and assigns, from all claims, demands, losses, expenses, injuries, attorneys' fees, property damage, repairs, costs, contribution or indemnity, suits, actions, causes of action, known or unknown, suspected or unsuspected, fixed or contingent, at law or in equity, administrative or otherwise, arising out of, in connection with, or relating in any manner whatsoever to the causes of action identified in the Complaint (the "**Release**").

   b.   The Release is effective upon the Effective Date, subject only to Defendant's compliance with its obligations set forth in Paragraph 3 above.

5.      Dismissal of Adversary Proceeding. Within ten (10) days of the receipt of the Settlement Payment, the Plaintiff shall file a notice of dismissal, dismissing the Adversary with prejudice.

6.      No Admission. The Parties acknowledge that this Agreement is a compromise of disputed claims and is not an admission or acknowledgement of liability or responsibility whatsoever on the part of any of the Parties.

7.      Entire Agreement. The Agreement, the documents referred to herein, and the exhibits attached hereto, constitute the entire agreement among the Parties arising from or relating to any and all of the matters identified herein. Any prior understanding or representation of any kind preceding the date of the Agreement and relating thereto shall not be binding on either Party except

to the extent incorporated into the Agreement.

8.  **Successors.** This Agreement shall inure to the benefit of and be binding upon the Parties' respective successors, trustees and/or assigns, as may be applicable.

9.  **Representation by Counsel.** The undersigned hereby acknowledge that they have or have had the opportunity to discuss this Agreement with their respective counsel to explain this document, and the undersigned acknowledge that they understand all of the terms and conditions of this Agreement, that this is a final compromise of all claims being released, and that they are voluntarily entering into this Agreement.

10. **Governing Law.** Unless otherwise stated herein, this Agreement shall be governed by and construed in accordance with the Bankruptcy Code, the FRBP, and any and all applicable local rules of the Court, without regard to any applicable conflicts of law principles. The Court shall have exclusive jurisdiction over any dispute arising from or relating to the Agreement.

11. **Prevailing Party Attorneys' Fees and Costs.** In the event of any dispute or legal proceeding arising out of or in connection with the interpretation or enforcement of this Agreement, the prevailing party shall be paid, and in the event of a legal proceeding shall be awarded, reasonable costs, expenses and attorney's fees.

12. **Interpretation of Agreement.** The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not for or against either of the Parties. This Agreement has been drafted by both Parties, so that the rule of construction in favor of the non-drafting party shall not apply.

13. **Execution in Counterparts.** This Agreement may be executed and delivered (by facsimile or otherwise) in any number of counterparts, each of which, when executed and delivered, shall be deemed an original, and all of which together shall constitute the same agreement. Digital copies and/or facsimile copies of any signature by a Party or their representative shall have the same force and effect as an original signature.

14. **Authority to Bind.** Except to the extent Court approval is required to approve this Agreement, the Parties represent and warrant to the other that each has all requisite power and authority to enter into this Agreement and perform his or her respective obligations. Each Party represents and warrants to the other that he or she is not a minor under the age of 18 years old and is free of any mental or physical limitations, infirmities or defects affecting his or her ability to fully comprehend the terms of this Agreement and to volitionally enter into this Agreement. Each signatory hereto represents and warrants to the Parties that he or she has the authority to execute this Agreement on behalf of the Party they purportedly represent and thereby bind such individual or entity to this Agreement, subject to Court approval, as applicable.

15. **Independent Investigation.** Each Party represents and warrants to the other that it has investigated the facts pertaining to this Agreement, and that the Parties have not relied on any representations of any other Party in deciding whether to enter into this Agreement.

16. **Volitional Execution.** Each Party represents and warrants to the other that he or she enters into this Agreement knowingly and voluntarily, in the total absence of any fraud, mistake, duress,

coercion, or undue influence and after careful thought and reflection upon and consultation with independent counsel regarding this Agreement and the matters referred to herein; and, accordingly, by signing this Agreement, each signifies full understanding, agreement, and acceptance of the terms herein.

17.　Joint Authorship. This Agreement is the product of negotiation and preparation by and among each Party hereto, and each Party acknowledges that they have had the opportunity to consult with independent counsel of their choosing. Accordingly, this Agreement and any ambiguities or uncertainties herein shall be equally and fairly interpreted and construed without reference to the identity of the individual or entity preparing this Agreement on the express understanding and agreement that the Parties participated equally in the negotiation and preparation of the Agreement or have had equal opportunity to do so. Accordingly, the Parties hereby waive the benefit of California Civil Code section 1654 and any successor or amended statute, which provides that in cases of uncertainty, language of a contract should be interpreted most strongly against the party who caused the uncertainty to exist, and any and all similar rule(s) and/or statute(s).

18.　Integration. This Agreement constitutes the complete agreement between the Parties with respect to the subject matter hereof and, except as expressly provided herein, supersedes all prior agreements, oral or written, between or among the Parties to the extent such prior agreements are inconsistent with the terms of this Agreement.

19.　Headings. The headings contained in the Agreement are inserted for convenience only and shall not affect in any way the meaning or interpretation of the Agreement.

20.　Severability. In the event any provision of this Agreement shall be held invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions hereof will not in any way be affected or impaired thereby.

21.　No Third Party Beneficiaries. Except as otherwise expressly provided herein, this Agreement is not intended to benefit any individual or entity that is not a Party hereto.

22.　Amendment. The Agreement may be amended, altered, modified, or otherwise changed in any respect only by a writing duly executed by the Parties hereto or their authorized representatives, and approved by the Court if necessary.

23.　Settlement Discussions. This Agreement is part of a proposed settlement of the disputes between the Parties. Pursuant to rule 408 of the Federal Rules of Evidence and any applicable state rule of evidence, this Agreement and all negotiations relating thereto shall not be admissible into evidence in any proceeding other than a proceeding to enforce or seek approval of the terms of this Agreement.

///

///

///

**IN WITNESS WHEREOF**, the Parties have duly executed the Agreement effective as of the date first written above:

| Southern Inyo Healthcare District | Healthcare Resource Group, Inc. |
|---|---|
| By: _____ | By: _____[signature]_____ |
| Printed Name: _____ | Printed Name: Kris Ditzler |
| Title: _____ | Title: CFO |
| Date: _____ | Date: 11/12/2018 |

**IN WITNESS WHEREOF,** the Parties have duly executed the Agreement effective as of the date first written above:

| Southern Inyo Healthcare District | Healthcare Resource Group, Inc. |
|---|---|
| By: *[signature]* | By: *[signature]* |
| Printed Name: Brian Cotter | Printed Name: Kris Dtzler |
| Title: CEO | Title: CFO |
| Date: 12-2-18 | Date: 11/12/2018 |

5